**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**EDWARD STRICKLAND, individually and on
behalf of all others similarly situated**                                                    **PLAINTIFF**

**v.**                                                                              **CIVIL ACTION # 2:09cv174-KS-MTP**

**HATTIESBURG CYCLES, INC.**                                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion for Conditional Class Certification and

Issuance of Court Supervised Notice to All Others Similarly Situated to "Opt-In" Pursuant to

Rule 216(b) of the Fair Labor Standards Act [Doc. # 13] (Apr. 20, 2010), filed on behalf of

Plaintiff Edward Strickland and on behalf of others similarly situated.  The Court, having

reviewed the motion, the responses, the pleadings and exhibits on file and being otherwise fully

advised in the premises, finds that the motion for conditional class certification should be

**denied**.  The court specifically finds as follows:

## I. FACTS

Plaintiff Strickland worked for Defendant Hattiesburg Cycles as a commissioned

salesperson for three years.  During this time, he was given a "draw" of $400 per week in

addition to sales commissions.  Plaintiff alleges that Hattiesburg Cycles failed to pay overtime

wages for time worked in excess of forty (40) hours as required by the Fair Labor Standards Act

("FLSA").  He also argues that Hattiesburg Cycles was not exempt from this requirement to pay

overtime, under the commission salesperson exemption because the employee's regular rate of

pay was not more that 1.5 times the applicable minimum wage. *See* 29 U.S.C. § 207(i); 29 C.F.R. § 779.412. Plaintiff further alleges that Hattiesburg Cycles had a common plan or policy that required salesman to work sixty (60) hours per week "on average" and work "off the clock." *See* Pl.'s Mot., Ex. A, Strickland Aff, ¶¶ 4-5 [Doc. # 13-2]. Hattiesburg Cycles has countered this evidence with affidavits from other employees alleging that Hattiesburg Cycles had a policy prohibiting working more that forty (40) hours in a week, that the store was open less than sixty (60) hours a week, and that they know of no employee that has ever worked sixty (60) hours in one week at Hattiesburg Cycles. *See* Def.'s Resp. 2-3 [Doc. # 19].

Before filing the present motion seeking conditional certification, Strickland was allowed over two months to conduct discovery limited to the issue of the propriety of conditional class certification. *See* Initial Case Management Order ¶ 3 [Doc. # 9] (Jan. 6, 2010). According to the defendant, "Plaintiff failed to issue a single interrogatory, request for production, or notice any depositions during the designated discovery period." Def.'s Resp. 4 [Doc. # 19]. Strickland has not filed any other employee affidavits making allegations supporting Strickland's assertions or presented any evidence other than his own affidavit of a policy in violation of the FLSA.

## II. LAW

The FLSA provides that an action against an employer who has violated § 207 may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Thus, § 216(b) actions

follow an "opt-in" procedure, rather than an "opt-out" procedure.[1] *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir.1995), *overruled on other grounds by Desert Palace v. Costa*, 539 U.S. 90 (2003).[2] Although the Fifth Circuit has expressly refused to endorse a singular method for district courts to use when determining whether a collective action should be certified in FLSA actions, the majority of district courts have applied the *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987), approach.[3] *Lusardi* advises a two-step certification analysis: (1) the notice stage, and (2) the "opt-in," "merits," or decertification stage.

In the notice stage, the Court determines whether a conditional class should be certified. This decision is within the district court's discretion and is not mandatory. *See Songer v. Dillon Resources, Inc.*, 569 F. Supp. 2d 703, 705-06 (N.D. Tex. 2008) (citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). The notice stage typically occurs early in the litigation, and it is usually based on the pleadings and any attached affidavits. *Mooney*, 54 F.3d at 1214. To satisfy his burden, the plaintiff must provide competent evidence to show that a similarly situated group of potential plaintiffs exists. *Id.* "At the notice stage, 'courts appear to require

[1]"Opt-in" collective actions are separate and distinct from Rule 23 "opt-out" class actions. Section 216(b) actions require all prospective plaintiffs to give written consent to join in the class, while Rule 23 requires that plaintiffs request exclusion from the class. *See* FED. R. CIV. P. 23(c)(2)(B)(v).

[2]While Mooney involves an action under the Age Discrimination in Employment Act ("ADEA"), its analysis of Section 216(b) remains on point because the ADEA explicitly incorporates Section 216(b) of the FLSA.

[3]The other approach approved by the Fifth Circuit is known as the "spurious class action approach," whereby district courts analyze the motion for certification in light of Rule 23. *Mooney*, 54 F.3d at 1214, citing *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D.Colo. 1990). Under this approach, Strickland's request would clearly be denied because he has identified, at most, two potential plaintiffs including himself. This does not meet Rule 23's numerosity requirement. *See Garcia v. Gloor*, 618 F.2d 264 (5th Cir. 1980) (affirming district court's refusal to certify thirty-one member class).

nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination.'" *Mooney*, 54 F.3d at 1214 n.8 (citing *Sperling v. Hoffman-La Roche,, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). While this is a fairly lenient standard, it is not invisible.[4]  *See Songer*, 569 F. Supp. 2d at 706. Relevant factors to guide the Court are "whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread plan was submitted." *Id.* at 707 (citing *H & R Block, Ltd v. Housden*, 186 F.R.D. 399, 400 (E.D.Tex. 1999)).  If the Court finds the potential plaintiffs to be similarly situated, the Court should conditionally certify the class, provide notice to potential class members, allow time for the putative class members to opt-in, and allow adequate time for discovery.  *Mooney*, 54 F.3d at 1213-14.

The second stage in the certification process is typically initiated by the defendant's use of a post-discovery motion for decertification.  *Id.*  During the second stage, the Court again must make a factual determination as to whether the opt-in plaintiffs are similarly situated; however, the scrutiny applied in the second stage is much more rigorous than that of the notice stage.  *Id.* Decertification scrutiny requires the Court to look beyond the pleadings and affidavits; instead, the Court must determine whether the potential plaintiffs are similarly situated in light of all information gathered during the post-opt-in discovery.  *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001).

---

[4]The *Songer* court also noted that judges, like attorneys, have a "responsibility to refrain from stirring up unwarranted litigation" and that the plaintiff should not be allowed a "frivolous fishing expedition" at the employer's expense. *See Songer*, 569 F. Supp. 2d at 706-07 (citing *Lentz v. Spanky's Rest. II, Inc.*, 491 F. Supp. 2d 663, 669 (N.D. Tex. 2007)).

# III. ANALYSIS

The Court finds that Strickland has failed to show that a similarly situated group of potential plaintiffs exists that were subject to a widespread plan or policy that violated the FLSA. After having the benefit of time to conduct discovery to locate other potential plaintiffs or witnesses or other evidence of a widespread policy. The only reference to a second potential plaintiff, Taurean Cox, appears in a letter from Defendant's counsel to Plaintiff's counsel dated January 11, 2010. *See* Pl.'s Reb., Ex. A [Doc. # 20-1]. In the intervening six months since the letter was written, Cox has not joined as a plaintiff in this action or indicated in any way that he wished to "opt-in." Nor has Plaintiff submitted an affidavit from Cox alleging an overtime policy or any employment actions involving him that violated FLSA. Finally, Strickland has not submitted evidence of a widespread plan other than his own conclusory allegations in his affidavit.[5] In sum, Strickland's failure to show any other evidence of potential plaintiff or a widespread plan in violation of FLSA after having two months to conduct discovery is a wholly inadequate basis for approving conditional certification and court supervised notice.

# IV. CONCLUSION

---

[5]In contrast, Hattiesburg Cycles has provided affidavits from four employees averring that the company had a policy prohibiting non-managerial employees from working more than forty (40) hours per week, that the policy was discussed in weekly meetings, and that employees were required to clock in for meetings and come in late or take long lunches to make up for any extra hours accrued from staying late to close a deal. *See* Palmer Aff. ¶¶ 2-3 (stating that as payroll manager she has never known any employee to work sixty hours in one week)*; see also* Howell Aff. ¶¶ 3,4; Hall Aff. ¶¶ 3-5, 7. The sales manager who supervised Strickland averred that sales advisors rarely worked more than forty (40) hours a week, and that when they did, it was never more than a hour or two. *See* Malone Aff. ¶ 4. Of course, the conflicting evidence at this point may create a genuine issue of material fact in the case, but that is not relevant to whether or not a class should be conditionally certified.

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Motion for Conditional Class Certification and Issuance of Court Supervised Notice to All Others Similarly Situated to "Opt-In" Pursuant to Rule 216(b) of the Fair Labor Standards Act [Doc. # 13] is hereby **DENIED**.

SO ORDERED AND ADJUDGED this the 18th day of June, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE